## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

LINDSI KOPKO,                                    CIVIL DIVISION

                Plaintiff,          No.

      v.

CITY OF MONONGAHELA,

                Defendant.          **JURY TRIAL DEMANDED**

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff Lindsi Kopko, by and through counsel Robert A. Bracken, Esquire and BRACKEN LAW FIRM, LLC, and files the following Complaint in Civil Action and avers as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff, Lindsi Kopko, is a resident of the Commonwealth of Pennsylvania, with an address of 419 Malone Road, Washington, PA 15301.  At all times relevant hereto, Plaintiff was an employee of Defendant.

2.      Defendant, City of Monongahela is a governmental entity and/or political subdivision of the Commonwealth of Pennsylvania located at 449 West Main Street, Monongahela, PA 15063.  The City of Monongahela Police Department is a department of the City of Monongahela.

3.      Plaintiff brings this action under Title VII to secure full restitution for all lost wages and benefits resulting from Defendant's violation of these statutes, and for such other relief as may be appropriate.

4.      Plaintiff filed an Intake Questionnaire and Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

5.      The filing also constituted an initiation of proceedings with the Pennsylvania Human Relations Commission pursuant to and by operation of the work sharing agreement between the EEOC and that agency.

6.      It has been more than one-year since Plaintiff filed the Charge of Discrimination.

7.      Plaintiff was issued a Notice of Right to Sue from the U.S. Department of Justice, which were mailed to Plaintiff on July 31, 2017.  The Notice is attached as Exhibit 1.

8.      Plaintiff has complied with all conditions precedent to filing this Complaint.

9.      The Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331, as well as 28 U.S.C. § 1367 for Plaintiff's pendent claims.

10.      Venue is appropriate in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this Complaint occurred in Washington County, Pennsylvania.

**FACTUAL ALLEGATIONS**

11.      On October 8, 2008, Plaintiff was hired as a part-time police officer for City of Monongahela.

12.      On December 13, 2010, Plaintiff filed a complaint of harassment against Officer Terry Childs, as he sent Plaintiff a text message calling her a "c*nt" and "snitch."

13.     On December 17, 2010, following a "Laudermill" hearing regarding Plaintiff's complaint and, upon information and belief, other unrelated accusations, Officer Childs submitted a letter of resignation.

14.     In 2011, Plaintiff took the civil service test seeking full-time employment.

15.     Thereafter, number one on the civil service list was hired into a full-time position nearly immediately and Plaintiff was advised that she was the next eligible officer and would be hired within a few months.

16.     In January 2012, Officer Robert Boyer submitted his resignation letter and, as the civil service list remained in effect, Plaintiff was the highest ranked eligible candidate.

17.     Yet, Defendant refused to hire Plaintiff and, rather, chose to violate the union contract mandating six-full time officers.

18.     Rather than hire Plaintiff, Defendant instead chose to harass her.

19.     City of Monongahela Mayor Robert Kepics harassed Plaintiff by making false accusations about her, including that she was sleeping at work and claiming that she was making derogatory statements about the City of Monongahela.

20.     Additionally, other City of Monongahela officers harassed Plaintiff throughout her employment.

21.     Plaintiff was harassed and blamed for Officer Childs' resignation after Plaintiff had reported his conduct.

22.     Other officers also placed numerous photos and pictures on Plaintiff's locker, which include but are not limited to pictures of rats, posters reading "stop

snitching," pictures of dildos and penises, and drawings purporting to show Plaintiff having sexual relations with another officer over a police car.

23.     Plaintiff made reports to Chief of Police Brian Tempest regarding this conduct numerous times.

24.     Yet, no effective remedial action was taken.

25.     So, Plaintiff filed a Charge of Discrimination with the EEOC.

26.     After Plaintiff filed her Charge of Discrimination with the EEOC, Defendant engaged in several acts of retaliation, including but not limited to the acts set forth in the following paragraphs.

27.     An officer drew Plaintiff a picture of a penis.

28.     After Plaintiff complained of the picture of the penis, a union sticker was placed next to Plaintiff's locker, which was a veiled threat.

29.     An officer regularly called Plaintiff a "c*nt" and would insist upon changing his clothes in front of Plaintiff.

30.     Plaintiff was falsely accused of dating and sleeping with other officers.

31.     Officer(s) were given directives to "dig some dirt up on [Plaintiff]."

32.     Plaintiff was singled out and written up based on insignificant / false allegations, yet male officers were not when accused of similar infractions.

33.     Mayor Kepics falsely accused Plaintiff and Officer Alyssa Brown of sleeping at the station.

34.     Yet, when Mayor Kepics had actually seen male officers sleeping at the station, he did not report their conduct to Chief Tempest.

35. Chief Tempest told Plaintiff that Mayor Kepics was "on the war path" and he acknowledged that Plaintiff was the target.

36. Mayor Kepics had told others that he would ensure that Plaintiff never obtained a full-time job as long as he is Mayor.

37. At the time Plaintiff filed her Charge with the EEOC she had been the only female police officer working steady shifts at the City of Monongahela for years until Officer Alyssa Brown was hired in August 2012.

38. The other female police officers at the City of Monongahela worked few shifts.

39. City of Monongahela has never employed a full-time female police officer.

40. Furthermore, Plaintiff stopped being provided shifts by Defendant in the summer of 2013 even though (1) shifts were available, (2) Plaintiff had advised that she was available, and (3) shifts were being given to less senior part-time officers.

41. Plaintiff was also never put back on the schedule after advising that she was pregnant and taking maternity leave.

42. Following her return from maternity leave, Plaintiff repeatedly inquired about her schedule, yet she was constantly ignored.

## COUNT I - SEX / GENDER DISCRIMINATION

43. Plaintiff incorporates by reference herein Paragraphs 1 through 42 of the Complaint as if more fully set forth at length herein.

44. Defendant's conduct described above and herein constitutes sex / gender discrimination and is a violation of Title VII.

45.     Defendant's discriminatory conduct was used as a basis for employment decisions affecting Plaintiff.

46.     The conduct described above and herein was unlawful sex / gender discrimination committed by Defendant's employees, servants and/or agents who had the effective ability to influence employment actions that could affect and did affect Plaintiff.

47.     As a direct and proximate result of Defendant's unlawful, willful, deliberate discrimination against Plaintiff, Plaintiff incurred substantial losses, continuing in their nature, including but not limited to loss of wages and loss of benefits, harm to her reputation, adverse effects on her career and diminished earning capacity.

48.     As a direct and proximate result of Defendant's unlawful, willful and deliberate discrimination and harassment against Plaintiff, Plaintiff suffered from physical problems including but not limited emotional distress and anxiety.

49.     As a result of Defendant's discriminatory conduct, Plaintiff is entitled to all available damages pursuant to Title VII, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) equitable relief including employment, reinstatement and promotion; (4) attorneys' fees and costs; and (5) punitive damages.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against Defendant in an amount in excess of $75,000 with attorneys' fees and costs assessed, and any other relief or damages deemed proper by the Court.

## COUNT II - HOSTILE WORK ENVIRONMENT

50.     Plaintiff incorporates by reference herein Paragraphs 1 through 49 of the

Complaint as if more fully set forth at length herein.

51.     Defendant's conduct described above and herein constitutes sex / gender harassment and discrimination and is a violation of the EEOC.

52.     The conduct described above and herein was unwelcome and unwanted.

53.     The conduct described had the purpose or effect of unreasonably interfering with Plaintiff's work performance and/or creating an intimidating, hostile or offensive work environment.

54.     The unwelcome and unlawful conduct based on sex was both subjectively abusive to Plaintiff and also objectively severe and pervasive enough to create a work environment that a reasonable person would find abusive.

55.     Such conduct, as described above and herein, was frequent, severe, pervasive, physically threatening and humiliating, interfered with work performance, and had an adverse effect on Plaintiff's psychological well-being.

56.     As a direct and proximate result of Defendant's unlawful, willful, deliberate harassment and discrimination against Plaintiff, Plaintiff incurred substantial losses, continuing in their nature, including but not limited to loss of wages and loss of benefits, harm to her reputation, adverse effects on her career and diminished earning capacity.

57.     As a direct and proximate result of Defendant's unlawful, willful and deliberate discrimination and harassment against Plaintiff, Plaintiff suffered from physical problems including emotional distress and anxiety.

58.     By reason of Defendant's unlawful, willful, outrageous and deliberate misconduct towards Plaintiff, Plaintiff is entitled to recover both compensatory and

punitive damages in addition to actual damages.

59.     As a result of Defendant's discriminatory conduct, Plaintiff is entitled to all available damages pursuant to Title VII, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) equitable relief including employment, reinstatement and promotion; (4) attorneys' fees and costs; and (5) punitive damages.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against Defendant in an amount in excess of $75,000 with attorneys' fees and costs assessed, and any other relief or damages deemed proper by the Court.

## COUNT III - UNLAWFUL RETALIATION

60.     Plaintiff incorporates by reference herein Paragraphs 1 through 59 of the Complaint as if more fully set forth at length herein.

61.     Defendant's conduct described above and herein constitutes retaliation, in violation of the law, including Title VII.

62.     Defendant's retaliation against Plaintiff was based on her gender / sex.

63.     Additionally, Defendant's retaliation was based upon Plaintiff engaging in protected activity by filing a Charge of Discrimination with the EEOC.

64.     As a direct and proximate result of Defendant's unlawful, willful, deliberate retaliation against Plaintiff, Plaintiff incurred substantial losses, continuing in their nature, including but not limited to loss of wages and loss of benefits, harm to her reputation, adverse effects on her career and diminished earning capacity.

65.     As a result of Defendant's retaliatory conduct, Plaintiff is entitled to all available damages, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) equitable relief including employment, reinstatement and promotion; (4) attorneys' fees and costs; and (5) punitive damages.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against Defendant in an amount in excess of $75,000 with attorneys' fees and costs assessed, and any other relief or damages deemed proper by the Court.

### COUNT IV - PENDENT CLAIM - VIOLATIONS OF THE PENNSYLVANIA HUMAN RELATIONS ACT

66.     Plaintiff incorporates by reference herein Paragraphs 1 through 65 of the Complaint as if more fully set forth at length herein.

67.     Plaintiff brings this action under the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., to secure full restitution of all wages and benefits resulting from Defendant's violation of the provision of the Pennsylvania Human Relations Act and for such other and further relief as may be appropriate.

68.     Jurisdiction of this action is based on the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

69.     Defendant is an employer within the meaning of Section 954(b) of the Pennsylvania Human Relations Act.

70.     As a direct and proximate result of Defendant's unlawful, willful, deliberate discrimination and retaliation against Plaintiff, Plaintiff incurred substantial losses, continuing in their nature, including but not limited to loss of wages and loss of

benefits, harm to her reputation, adverse effects on her career and diminished earning capacity.

71.     As a result of Defendant's discriminatory and retaliatory conduct, Plaintiff is entitled to all available damages, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) equitable relief including employment, reinstatement and promotion; and (4) attorneys' fees and costs.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against Defendant in an amount in excess of $75,000 with attorneys' fees and costs assessed, and any other relief or damages deemed proper by the Court.

BRACKEN LAW FIRM, LLC

By _____

Robert A. Bracken
PA ID 206095
BNY Mellon Center
500 Grant Street, Suite 2900
Pittsburgh, PA 15219
Tel. (412) 278-7402
Fax (412) 533-7030